1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIDAVEL LOZANO LAIGO,

            Plaintiff,

      v.

SOCIAL SECURITY ADMINISTRATION,

            Defendant.

CASE NO. C05-1556JLR

ORDER TO SHOW CAUSE

In just over six years, Aidavel Lozano Laigo has brought 25 civil actions in this district. See Appendix.  In many of these actions, Ms. Laigo was not the plaintiff but purported to represent the plaintiff as an "Interested Party."  E.g., Cupp v. King County, Case No. 99-1800JCC.  In several of those actions, she was admonished to cease the unauthorized practice of law.  E.g., Cupp v. Merit Systems Protection Board, Case No. 00-998TSZ.  More recently, Ms. Laigo has brought six nearly identical actions on her own behalf against the Social Security Administration.  In the first such action, Ms. Laigo demanded a relatively modest $100 million. Laigo v. Social Security Administration, Case No. 04-2469RSM.  She has sought progressively more money, and now asks this court to award her $25 billion.  Laigo v. Social Security Administration, Case No. 05-1556JLR.

ORDER – 1

1    The court has reviewed the records in this action and the public record of Ms. Laigo's

2    other 24 actions in this district.  That review demonstrates that Ms. Laigo has committed

3    litigation misconduct by filing numerous frivolous actions, many of which are nearly identical,

4    and refusing to respond to the presiding court's orders to clarify her claims.

5    Ms. Laigo's previous 24 actions have inevitably resulted in dismissals for, *inter alia*,

6    failure to state a claim on which relief could be granted, lack of subject matter jurisdiction,

7    failure to comply with numerous court orders, and other misconduct.  Ms. Laigo's actions have

8    placed an unwarranted burden on this district.  Her actions follow a pattern that has become all

9    too familiar.  In each action, Ms. Laigo files a complaint that falls well short of meeting basic

10   notice pleading requirements under Federal Rule of Civil Procedure 8.  In response to orders to

11   show cause why her complaint should not be dismissed, she files summary judgment motions

12   that ignore local rules of motion practice and the Federal Rules of Civil Procedure.  The court

13   denies these motions, and dismisses Ms. Laigo's complaint for failure to comply with its orders

14   and the Federal Rules.  Ms. Laigo continues to file pleadings in the cases despite the dismissal.

15   Recently, judges in this district facing such post-dismissal pleadings have entered orders barring

16   her from filing further pleadings in actions before them.

17   Ms. Laigo's complaints are uniformly frivolous, or at least provide no basis for the court

18   to conclude that they are not frivolous.  Ms. Laigo's recent actions claim discrimination, but

19   allege no discriminatory conduct.  See, e.g., Laigo v. Social Security Administration, Case No.

20   05-0728C, Dkt. # 1 (filed Apr. 18, 2005) (claiming that the Social Security Administration's

21   refusal to give her information about another claimant without disclosing her own Social

22   Security number, among other things, constitutes discrimination); Laigo v. United State Court of

23   Appeal Ninth Circuit Court, Case No. 05-1556, Dkt. # 1 (filed Aug. 22, 2005) (claiming that the

24   time it took the Ninth Circuit Court of Appeals to issue her a case number was an instance of

25   discrimination when "in fact to do these takes only thirty minutes or less").

26   ORDER – 2

1    Ms. Laigo continually refuses to comply with the court's orders to show cause, stating

2    only that "Plaintiff submits she will not attend ORDER TO SHOW CAUSE by this court

3    because plaintiff did the right way. . . . Plaintiff submits she will not file an amended complaint

4    because an amended complaint is needed only when the plaintiff wants to change something."

5    Laigo v. United State Court of Appeal Ninth Circuit Court, Case No. 05-1556, Dkt. # 5

6    (Aug. 29, 2005).

7    Litigation misconduct is sanctionable under the court's inherent powers, General Rule

8    3(d), and Fed. R. Civ. P. 11.  See Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The court

9    has the inherent authority "to sanction a party . . . if it acts in 'willful disobedience of a court

10   order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for

11   oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'"  Gomez v.

12   Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing Roadway Express, Inc. v. Piper, 447

13   U.S. 752, 766 (1980)), cert. denied, 534 U.S. 1066, 122 S.Ct. 667 (2001).  The court has

14   authority under Local General Rule 3(d) to sanction a party who "presents to the court

15   unnecessary motions or unwarranted opposition . . ., or who otherwise so multiplies or obstructs

16   the proceedings in a case as to increase the cost thereof unreasonably and vexatiously."  Local

17   Rules W.D. Wash. GR 3(d); cf. 28 U.S.C. § 1927.  Rule 11 also provides a basis for sanctions

18   where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for

19   an improper purpose."  Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir.

20   1997), cert. denied, 522 U.S. 1111 (1998).  When faced with litigation abuses by a pro se party,

21   a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred,

22   simply because plaintiff is proceeding pro se."  See Warren v. Guelker, 29 F.3d 1386, 1390 (9th

23   Cir. 1994).  The sanctions that may be imposed under any or all of the above authorities include

24   monetary sanctions and the imposition of a standing bar order that limits a plaintiff's ability to

25   file future actions pro se.

26   ORDER – 3

In light of the foregoing, Ms. Laigo shall be given an opportunity to respond and show cause why the above-captioned action should not be dismissed and why a standing bar order should not be imposed against her.  It is therefore ORDERED that:

(1)   Within 30 days from the date of this order, Ms. Laigo shall show cause why the case currently before this court, Case No. 05-1556JLR, should not be dismissed as frivolous.

(2)   Within 30 days from the date of this order, Ms. Laigo shall show cause why the Western District of Washington should not issue an order imposing restrictions on any new case that she files.  Those restrictions will include:

(a)   Directing the clerk not to issue summons in any pro se action Ms. Laigo files, or in any action where Ms. Laigo appears as an "Interested Party," without approval of the presiding court; and

(b)   In any case where the presiding court determines that Ms. Laigo's complaint suffers from the same defects outlined in this order, the presiding court may dismiss the action on the basis of this order without issuing an order to show cause.  The presiding court may also enter an order directing the clerk not to accept further pleadings in the action other than a notice of appeal.

(3)   In aid of its jurisdiction over this matter and in an attempt to prevent further instances of litigation misconduct by Ms. Laigo while this matter is resolved, until further order of the court, any pro se complaints or petitions submitted by Ms. Laigo for filing in this district shall be subject to review by the undersigned prior to issuance of summons or service of process.  See 28 U.S.C. § 1651.

ORDER – 4

(4)     The clerk shall STRIKE the motions currently pending in the above-captioned

        matter (Dkt. ## 4, 5), subject to renewal if Ms. Laigo's response to this order

        demonstrates that this action has merit.

(5)     The clerk shall send a copy of this order to Ms. Laigo.


SO ORDERED this 10th day of November, 2005.


                                        _____

                                        JAMES L. ROBART
                                        United States District Judge

ORDER – 5

**APPENDIX**

*Civil Cases in Which Aidavel Laigo Appeared as a Plaintiff or "Interested Party"*

| Case No. | Case Name | Filing Date |
|---|---|---|
| 2:99-cv-00870-JCC | Cupp, et al. v. Veterans Administration | 06/01/99 |
| 2:99-cv-01267-BJR | Lozano v. Social Security Administration | 08/05/99 |
| 2:99-cv-01586-TSZ | Esteban v. Veterans Administration | 10/04/99 |
| 2:99-cv-01800-JCC | Cupp v. King County | 11/09/99 |
| 2:00-cv-00285-JCC | Laigo v. King County | 02/24/00 |
| 2:00-cv-00998-TSZ | Cupp v. Merit Sys. Protection Bd., et al. | 06/12/00 |
| 2:00-cv-01503-TSZ | Cupp v. Veterans Administration | 09/05/00 |
| 2:00-cv-01622-BJR | Magsanoc v. Veterans Administration | 09/25/00 |
| 2:01-cv-00663-TSZ | Laigo v. United States Post Office | 05/09/01 |
| 2:01-cv-00688-RSL | Cupp v. Office of Ins. Comm'r | 05/14/01 |
| 2:01-cv-01920-BJR | Lozano v. Dep't of Treasury, et al. | 11/28/01 |
| 2:02-cv-00992-JCC | Laigo v. ABM Janitorial Servs. | 05/03/02 |
| 2:03-cv-00635-BJR | Laigo, et al v. Asian Counseling, et al. | 03/11/03 |
| 2:03-cv-02386-TSZ | Laigo v. Practice of Law Board Washington | 07/23/03 |

| | | |
|---|---|---|
| 2:03-cv-03576-MJP | Laigo v. United State Federal Reserve | 11/19/03 |
| 2:04-cv-00105-RSL | Laigo v. United Savings & Loan Bank | 01/14/04 |
| 2:04-cv-00705-RSL | Laigo v. City of Seattle Finance Office | 04/01/04 |
| 2:04-cv-01922-RSL | Laigo v. Dep't of Social and Health Servs. | 09/13/04 |
| 2:04-cv-02469-RSM | Laigo v. Social Security Administration | 12/15/04 |
| 2:05-cv-00097-JLR | Laigo v. Social Security Administration | 01/19/05 |
| 2:05-cv-00318-JCC | Laigo v. Social Security Administration | 02/25/05 |
| 2:05-cv-00485-JCC | Laigo v. Social Security Administration | 03/28/05 |
| 2:05-cv-00728-JCC | Laigo v. Social Security Administration | 04/18/05 |
| 2:05-cv-01437-JCC | Laigo v. United States Court of Appeal | 08/22/05 |
| 2:05-cv-01556-JLR | Laigo v. Social Security Administration | 09/12/05 |

APPENDIX