UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIDAVEL LOZANO LAIGO,

　　　　　Plaintiff,

　　v.

SOCIAL SECURITY ADMINISTRATION,

　　　　　Defendant.

CASE NO. C05-1556JLR

ORDER IMPOSING STANDING LITIGATION RESTRICTIONS ON AIDAVEL LOZANO LAIGO

On November 14, 2005, the court entered an order to show cause why the court should not dismiss the action currently before it, and to show cause why the Western District of Washington should not impose standing restrictions on any new actions that Plaintiff Aidavel Laigo files. The court has received Ms. Laigo's response to that order. For the reasons stated below, the court dismisses the action before it, and announces the imposition of a standing order restricting any future litigation that Ms. Laigo files in this district.

The instant action provides another example of the litigation misconduct that leads this district to impose standing restrictions on Ms. Laigo. The court reviewed Ms. Laigo's litigation history in this district in its November 14 order. In this action, Ms. Laigo has repeated the conduct that the court described. Faced with an order to show cause why the court should not

ORDER – 1

dismiss her action as frivolous, she responds with a host of unsupported allegations regarding the court's legal errors. She does not, however, provide the essential elements of a civil action – allegations that would put a defendant on notice of its actionable conduct. Fed. R. Civ. P. 8(a). Although Ms. Laigo's response to the November 14 order asserts that Defendant has committed "82 counts of discrimination[]," it does not provide any allegations that would permit the Defendant (or the court) to discern what conduct was discriminatory.

Under ordinary circumstances, the court would await the Defendant's response to the complaint. These are not ordinary circumstances for two reasons. First, there is no indication that Ms. Laigo has properly served the Defendant. Fed. R. Civ. P. 4(i) imposes stringent requirements for serving the United States, its agencies, and their officers. Plaintiff has sued the United States Social Security Administration, but she has not complied with Rule 4(i). Second, despite her failure to properly serve the Defendant, Ms. Laigo has filed three virtually identical one-page summary judgment motions. While notice of a defendant's actionable conduct is the crux of a complaint in a civil action, Fed. R. Civ. P. 56 puts much more stringent requirements on summary judgment motions. Rule 56 requires evidence that demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Ms. Laigo's summary judgment motions, which contain no evidence whatsoever, fall well short of this standard. For these reasons, the court has little choice but to dismiss this action as frivolous.

Ms. Laigo has repeated the course of conduct described above in 24 other actions in this district over the past six years. As described in the November 14 order, these actions place an unwarranted burden on the courts in this district. Asked to show cause why she should not face standing restrictions on any future actions, Ms. Laigo responded that she had done nothing wrong, and that it was the court that had erred in not granting her relief in previous actions.

Attached to this order as an appendix is a standing order restricting any future action Plaintiff files in this district. The order does not prevent Plaintiff from filing future actions, but

ORDER – 2

it requires her to commence the action with a complaint that meets the notice pleading requirements of Fed. R. Civ. P. 8.  If the complaint does not meet those requirements, the complaint will not be assigned a case number.  The standing order strikes an appropriate balance between Ms. Laigo's right of access to the court and the burden that her repeated litigation misconduct imposes on the courts in this district.  The standing order provides Ms. Laigo with an opportunity to file a proper complaint as well as an avenue to pursue an appeal.

For the reasons stated above, the court DISMISSES the action before it.  The court will take no action on any other pleading that Ms. Laigo files in this action, other than a notice of appeal.  The clerk is directed not to calendar or take any other action on any further pleadings other than a notice of appeal in this action.

The court also announces the entry of the standing restrictions on any future action that Ms. Laigo files in the Western District of Washington.  Those restrictions are stated in Appendix A to this order, which shall become the first document entered on the docket of Case No. MS 05-201JLR, which shall be captioned "In re Aidavel Lozano Laigo."

SO ORDERED this 8th day of December, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**APPENDIX A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re AIDAVEL LOZANO LAIGO, | Case No. MS 05-201JLR<br><br>STANDING LITIGATION RESTRICTIONS ON AIDAVEL LOZANO LAIGO |

For the reasons stated in two orders entered in Case No. 05-1556JLR (Dkt. ## 6, 9, attached hereto as Appendices A and B), the United States District Court for the Western District of Washington imposes the following standing restrictions on any action that Aidavel Lozano Laigo files in this district:

1.  In any action that Ms. Laigo files, the clerk shall enter the complaint and accompanying materials on the docket of the above-captioned miscellaneous case. This court will review the complaint to determine if it meets the notice pleading requirements of Fed. R. Civ. P. 8(a).

2.  If the court determines that the complaint meets the requirements of Fed. R. Civ. P. 8(a), it will direct the clerk to assign a civil case number and issue summons. If the complaint does not meet the requirements of Fed. R. Civ. P. 8(a), the court will enter an order declining to treat the case as a civil action.

3.  If Ms. Laigo files documents other than a complaint or notice of appeal (e.g., a motion for summary judgment) in a matter where no civil case number has been assigned, the

ORDER

clerk shall enter the document on the docket of the above-captioned miscellaneous case number, but shall not calendar the document or otherwise note it for consideration.

4. If Ms. Laigo files a notice of appeal in a matter where no civil case number has been assigned, the clerk shall treat the notice as an appeal of the above-captioned miscellaneous case.

SO ORDERED this 8th day of December, 2005.

/s/ James L. Robart
JAMES L. ROBART
United States District Judge

ORDER